```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

_____
                                    )
**ANDREW S. BESTOR,**                   )
                                    )
       **Plaintiff,**                  )
                                    )
       **v.**                         )   Civil Action No. 04-2049 (RWR)
                                    )
**CENTRAL INTELLIGENCE AGENCY,**        )
                                    )
       **Defendant.**                  )
_____)

### MEMORANDUM OPINION

Plaintiff has filed suit against the Central Intelligence Agency ("CIA") seeking to obtain information pertaining to himself and other individuals under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.  Defendant has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that plaintiff failed to exhaust his administrative remedies prior to seeking judicial review and failed to allege exhaustion in his complaint.  Because the plaintiff has failed to allege or provide proof of exhaustion and because the purposes of exhaustion do not support judicial review at this stage, the defendant's motion to dismiss will be granted.

- 2 -

BACKGROUND

Plaintiff alleges that he and others are victims of a vast CIA conspiracy. (See generally Compl.) To investigate his suspicions, plaintiff, on November 23, 2004, simultaneously submitted a request for documents to the CIA and filed his complaint in this case. (Mot. to Dismiss Ex. 1; Compl. at 1, 17.) In both his complaint and his request to the CIA, plaintiff seeks records relating to himself, Michael Bruce Ross, Sheila Bilyeu, and other individuals. (Mot. to Dismiss Ex. 1; Compl. at 17; see also Pl.'s Mot. to Alert and Compel Immediate Appearance, at Docket Entry 12.)

The CIA responded to plaintiff in a letter dated December 1, 2004, informing him that it had accepted his request for processing and had assigned the request two processing numbers: P-2005-00120 and F-2005-00305.[1] (Mot. to Dismiss Ex. 2.) In the same letter, the CIA informed plaintiff that it had conducted a search for records pertaining to him in response to a previous request he had made in September 2003, and that unless plaintiff objected, the CIA would process plaintiff's new request for

---

[1] The CIA assigned reference number P-2005-00120 to the portion of plaintiff's request for records pertaining to himself on the basis that it falls under the purview of the Privacy Act. The portion of plaintiff's request for records pertaining to third parties was assigned reference number F-2005-00305 on the basis that it falls under FOIA. (Mot. to Dismiss Ex. 2.)

- 3 -

documents relating to himself -- reference number P-2005-00120 -- by updating the 2003 search.  (Id.)  On December 13, 2004, the CIA issued its final response to plaintiff regarding the P-2005-00120 search.  The CIA explained that its updated search for information relating to plaintiff revealed no relevant records other than correspondence pertaining to plaintiff's 2003 request, which would not be provided since plaintiff already had copies.  (Id. Ex. 5.)  The CIA advised plaintiff of his right to appeal its final response to the Agency Release Panel within 45 days.  (Id.)  Plaintiff filed an appeal in reference number P-2005-00120 on January 4, 2005, but did not explain the basis of his appeal.  (Id. Ex. 6.)

By letter dated December 2, 2004, the CIA informed plaintiff that his request for information concerning Ross and Bilyeu -- reference number F-2005-00305 -- would not be processed unless he agreed to pay search fees and provide certain information and documentation[2] necessary for the CIA "to conduct an effective search" and to release information that would otherwise be an "unwarranted invasion of [those individuals'] privacy."  The CIA

---

[2] Specifically, the CIA requested the full name, date and place of birth, and citizenship status of each individual plaintiff wished to include in his search, as well as either a notarized statement authorizing the release of personal information or some evidence of death if the person is deceased.

agreed to hold plaintiff's FOIA request for 45 days pending receipt of his response.  (Id. Ex. 4.)  By letter dated January 4, 2005, plaintiff said that he wanted to appeal in matter F-2005-00305.  (Id. Ex. 7 at 1.)  While he agreed to pay the search fees and provided Ross's date of birth, plaintiff stated about Bilyeu only that she "was born around 1940" and is "about 64 years old."  (Id. at 2-4.)  He provided no further data on Ross, Bilyeu, or any other individual, and said "[u]nder the circumstances I outline, I argue that I DO NOT need their permission to obtain ALL related documentation the CIA has on them."  (Id. at 1; see also Pl.'s Reply to Def.'s Mot. to Dismiss ("Opp'n") at 17 (stating "[t]he circumstances of Ross's impending demise outweigh CIA procedural requirements").)

Neither the plaintiff nor the defendant has provided facts regarding the outcome of either of plaintiff's two efforts to appeal.

## DISCUSSION

Before a court may address the merits of a complaint, it must ensure that it has jurisdiction to entertain the claims. Rodriguez ex rel. Rodriquez-Hazbun v. Nat'l Ctr. for Missing & Exploited Children, 2005 WL 736526, at *6 (D.D.C. Mar 31, 2005). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim based on the court's lack of jurisdiction

- 5 -

over the subject matter, and the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Id.; see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (noting that the plaintiff "must carry throughout the litigation the burden of showing that he is properly in the court"); Forrester v. U.S. Parole Comm'n, 310 F. Supp. 2d 162, 167 (D.D.C. 2004) (discussing Rule 12(b)(1) standard in a Privacy Act case). Although the court "may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone, where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations and internal quotation marks omitted); see also Forrester, 310 F. Supp. 2d at 167. "It is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer,

468 U.S. 183 (1984) (quoted in Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984)).

The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request. After receiving a FOIA request, an agency is required to:

> (i) determine within 20 days . . . whether to comply with such request and [the agency] shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal . . . any adverse determination; and
>
> (ii) make a determination with respect to any appeal within twenty days . . . after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination . . . .

5 U.S.C. § 552(a)(6)(A)(i), (ii). "Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990) (collecting cases); see also Spannaus v. Dep't of Justice, 824 F.2d 52, 59 (D.C. Cir. 1987) ("[A] cause of action under FOIA first accrues when the requester first exhausts his remedies, either constructively or actually."). Once an agency has responded to a petitioner's request, the petitioner "can seek judicial review only after he has unsuccessfully

- 7 -

appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies."[3]  Oglesby, 920 F.2d at 61; see also Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 33 (D.D.C. 2002).  The FOIA's administrative scheme "favors treating failure to exhaust as a bar to judicial review."  Hidalgo v. FBI, 344 F.3d 1256, 1259 (D.C. Cir. 2003).

Here, plaintiff has failed to allege or demonstrate that he has exhausted his administrative remedies.  As to plaintiff's request for materials relating to himself, P-2005-00120, while plaintiff indeed received an adverse initial determination from the CIA and filed an appeal within the 45-day limitations period, he has provided no information indicating whether his appeal in P-2005-00120 was accepted by the Agency Release Panel, and if so, whether the Panel has issued a final decision or whether the appeal was successful or unsuccessful.  Plaintiff likewise failed

---

[3] FOIA provides for two different types of exhaustion -- actual and constructive.  Actual exhaustion occurs when the agency denies all or part of a party's document request.  Constructive exhaustion occurs, and a requester is permitted to proceed directly to court, when certain statutory requirements are not met by the agency, Taylor v. Appleton, 30 F.3d 1365, 1368 (11th Cir. 1994), such as when the applicable response period has expired and the agency has failed to respond to the request or the appeal.  See 5 U.S.C. § 552(a)(6)(C); Oglesby, 920 F.2d at 61.  Plaintiff does not allege constructive exhaustion here, and provides no facts to show whether the agency responded timely to his appeals.  It is clear, however, that the agency responded timely to plaintiff's initial request.

to allege or demonstrate that he has exhausted his administrative remedies insofar as he seeks information concerning Ross, Bilyeu, and others.  As with his P-2005-00120 request, he has provided no information regarding the acceptance status or outcome of his appeal regarding reference number F-2005-00305.

While in this Circuit, the exhaustion requirement is not jurisdictional, see Hidalgo, 344 F.3d at 1258, "as a jurisprudential doctrine, failure to exhaust precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar."  Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir. 2004) (citations and internal quotation marks omitted).  The purposes and policies underlying the exhaustion requirement are "to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review."  Wilbur, 355 F.3d at 677; see also Oglesby, 920 F.2d at 61 ("The exhaustion requirement also allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review.").

Prudential considerations support declining to exercise jurisdiction over plaintiff's complaint in this case.  Plaintiff filed his complaint before the agency had any opportunity to process, much less respond to, his request for documents.

Accepting a complaint filed on the same day as the request to the agency was submitted would constitute a premature interference with the agency administrative process.[4]  It could also deny the parties and the court the benefit of the CIA's experience and expertise and of a fully developed administrative record for review.  See Wilbur, 355 F.3d at 677.  Requiring plaintiff to fully exhaust his administrative remedies allows the top managers or appellate panel representatives of the CIA to correct any mistakes made at lower levels and could "thereby obviate[] unnecessary judicial review."  Oglesby, 920 F.2d at 61.

In any event, by failing to allege or demonstrate exhaustion of administrative remedies, plaintiff has failed under Federal Rule of Civil Procedure 12(b)(6) to state a claim upon which relief may be granted.  No FOIA claim is stated in the absence of an allegation that the requester exhausted his administrative remedies.  Scherer v. Balkema, 840 F.2d 437, 443 (7th Cir. 1988); see also Satra Belarus, Inc. v. N.L.R.B., 409 F. Supp. 271, 272-73 (E.D. Wis. 1976) ("[A] claim under the FOIA must contain allegations of exhaustion of administrative remedies.").

---

[4] Plaintiff admits that he "filed his Complaint in haste and seeks to move quickly in expanding the action."  (Opp'n at 4.)

- 10 -

A party seeking judicial review must also present proof of prior exhaustion of administrative remedies. Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir. 1979).

> The burden of producing evidence of a proper appeal is on the person requesting documents under the FOIA. Otherwise, the exhaustion doctrine would be a nullity. If a party could avoid the exhaustion requirement merely by asserting that they [sic] had pursued all available administrative relief, administrative agencies would be placed in the position of having to prove the negative: that proper avenues of appeal had not been pursued.
>
> Placing the burden of proof of a proper appeal on the person seeking disclosure also comports with the principle of forensic procedure that when a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service.

Williams v. McCausland, No. 90 Civ. 7563 (RWS), 1994 WL 18510, at *4 (S.D.N.Y. Jan. 18, 1994) (citations and internal quotation marks omitted). Defendant moved to dismiss the complaint, alleging that plaintiff failed to plead or meet the exhaustion requirement, and thereby failed to state a claim. By order dated January 31, 2005, the court alerted plaintiff of his obligations under the Federal Rules of Civil Procedure to respond to the allegations in defendant's motion to dismiss. Nevertheless, plaintiff's opposition to the motion presented no facts to show he had exhausted his administrative remedies prior to seeking judicial review. Plaintiff essentially concedes the facts set

- 11 -

forth by the defendant in its motion.  (See Opp'n at 2 ("As far as it goes, the Koch Declaration does not obviously misstate any facts.").)  Plaintiff carries the burden to show exhaustion, and he has failed to meet his burden.  Because the plaintiff does not dispute the facts asserted by the defendant, and because plaintiff's filings would not support granting relief in favor of the plaintiff, plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6).

## CONCLUSION

Because the plaintiff has failed to justify the court's exercise of subject matter jurisdiction in this case, and likewise, because plaintiff has failed to state a claim upon which relief can be granted, the defendant's motion to dismiss will be granted.  An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 1st day of September, 2005.

```
                                  /s/
                         RICHARD W. ROBERTS
                         United States District Judge
```